# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JACKIE GREENE, | Case No. 2:15-cv-00677-JAD-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 22) |
| WAL-MART STORES, INC., | |
| Defendant(s). | |

Both the Federal Rules of Civil Procedure and the special orders in this District require attorneys to ensure that they do not file on the public record documents containing certain personal identifiers, such as a person's social security number, home addresses and date of birth. *See, e.g.*, Fed. R. Civ. P. 5.2; Special Order Nos. 108, 109. Instead, attorneys have a responsibility to review the materials they file to ensure that such information is redacted in compliance with the procedures outlined in those directives.

On October 13, 2015, Plaintiff filed a brief with attached exhibits that included various personal identifiers without redaction. *See* Docket No. 17. The Court thereafter sealed those documents and instructed Plaintiff's counsel (Chad Dennie) to refile them with proper redactions. Docket No. 21. The Court warned "Mr. Dennie that failure to comply with these redaction requirements in the future may

result in the imposition of sanctions." *Id.* Mr. Dennie has now refiled those documents without making the necessary redactions. *See, e.g.*, Docket No. 22-3 at 3.[1]

Accordingly, the Court **INSTRUCTS** the Clerk's Office to **SEAL** Docket No. 22 and all attached exhibits. In addition, no later than noon on December 9, 2015, Mr. Dennie shall file a properly redacted version of those documents.[2] Also no later than noon on December 9, 2015, Mr. Dennie shall read in their entirety Special Order Nos. 108 and 109, and file a declaration indicating that he has done so. Once again, **the Court warns Mr. Dennie that failure to comply with these redaction requirements in the future may result in the imposition of sanctions.**

IT IS SO ORDERED.

DATED: December 7, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The pertinent filing includes hundreds of pages of text, and the Court will not examine each page to determine whether all necessary redactions were made. It is clear from the above citation, however, that Plaintiff's personal identifiers remain unredacted at least to some extent.

[2] The Court notes that the original filing included 458 pages of text, while the more recently filed brief and exhibits totaled 328 pages. It is not clear what changes have been made or why, but Plaintiff's counsel is cautioned that there should be no changes to the documents as originally filed other than the redactions that have been ordered.